PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 2003 Chevrolet Impala struck a section of broken pavement while claimant Isaiah Bledsoe was traveling on Martha Road near Barboursville, Cabell County. Martha Road is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 9:30 p.m. on December 20, 2006. Martha Road is a two-lane highway at the area of the incident involved in this claim. Claimant Isaiah Bledsoe testified that he was driving on Martha Road when his vehicle struck a broken section of pavement that he had not seen. Mr. Bledsoe testified that the broken section of pavement was at least a five inch drop. Claimant’s vehicle struck the broken section of pavement sustaining damage to both passenger side rims totaling $201.79.
The position of the respondent is that it did not have actual or constructive notice of the condition on Martha Road at the site of the claimant’s accident for the date in question. Mike King, Highway Administrator for the respondent in Cabell County, testified that he had no knowledge of any broken pavement on Martha Road near Barboursville for the date in question. Mr. King stated that at the time of claimants’ incident, crews for respondent were involved in snow removal and ice control.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. ChapmanCl vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had at least constructive notice of broken section of pavement which claimants’ vehicle struck and that the broken pavement presented a hazard to the traveling public. Photographs in evidence depict the broken section of pavement provide the Court an accurate portrayal of the size and location of the broken pavement on Martha Road. The size of the broken section of pavement leads the Court to conclude that respondent had notice of this hazardous condition and respondent had an adequate amount of time to take corrective action. Thus, the Court finds respondent negligent and claimants may make a recovery for the damage to their vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimants in this *42 claim in the amount of $201.79.
Award of $201.79.